IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN ALBAUGH | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-146 |
| | § | |
| WIND ACCESS ENGINEERING, INC. | § | |
| AND MAGIC VALLEY ELECTRIC | § | |
| COOPERATIVE, INC. | § | |
| | § | |
| *Defendants.* | § | |

DEFENDANT WIND ACCESS ENGINEERING INC.'S
NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Wind Access Engineering Inc. ("Wind Access") files this Notice of Removal and hereby removes the above-titled lawsuit from the 197th Judicial District Court of Willacy County, Texas, to the United States District Court for the Southern District of Texas, Brownsville Division. In support of this removal, Wind Access respectfully offers this Court the following facts, arguments, and legal authorities:

COMPLIANCE WITH 28 U.S.C. § 1446(a)
AND LOCAL RULE 81

1. Pursuant to 28 U.S.C. § 1446(a) and LR81, Wind Access includes the following index of matters being filed with this Notice of Removal:

> **Exhibit 1:**   The state court docket sheet
>
> **Exhibit 2:**   08/18/23 Plaintiff's Original Petition ("Petition")

4844500

| | |
|---|---|
| **Exhibit 3:** | 09/18/23 Magic Valley Electric Cooperative, Inc.'s Original Answer and Affirmative Defenses |
| **Exhibit 4:** | 09/22/23 Return of Service / Citation |
| **Exhibit 5:** | 10/09/23 Defendant Wing Access Engineering Inc.'s Special Exceptions, Original Answer to Plaintiff's Original Petition, and Jury Demand |
| **Exhibit 6:** | 10/09/23 Defendant Wing Access Engineering Inc.'s Amended Special Exceptions, Original Answer to Plaintiff's Original Petition, and Jury Demand |
| **Exhibit 7:** | Documents related to ownership of property |
| **Exhibit 8:** | List of Counsel |

## THE PARTIES

2.      Plaintiff is a citizen of Ohio and no properly joined defendant is a Texas citizen. Complete diversity of citizenship has existed since the time plaintiff filed the underlying state court action on August 18, 2023 until now.

A.      Plaintiff

3.      Plaintiff is a citizen of Delaware County, Ohio. Ex. 2, Plaintiff's Original Petition ("Petition") at ¶ 6.

B.      Defendants

4.      Defendant Wind Access is a Wisconsin corporation with its principal place of business in Wisconsin. *See* 28 U.S.C. § 1332(c)(1).

5.      Plaintiff alleges defendant Magic Valley Electric Cooperative, Inc. ("Magic Valley") is "incorporated under the laws of Texas and/or maintain their [sic] principal place of business in Texas, rendering it a Texas citizen." Ex. 2, Petition at ¶ 5; *see* 28 U.S.C. §

2

1332(c)(1).  Plaintiff also claims "[d]iversity is not present between all parties" and that the "forum-defendant rule [] renders any potential attempt at removal baseless and in bad faith." *Id*.  Because Magic Valley is improperly joined, plaintiff's claim that this case cannot be removed because Magic Valley is a forum defendant fails. *See* "Improper Joinder" section below.

## STATE COURT ACTION[1]

6.      Defendant removes the state court action styled *Jason Albaugh v. Wind Access Engineering Inc.; and Magic Valley Electric Cooperative, Inc.*, Cause No. 2023-CV-0265-A, in the 197th District Court of Willacy County, Texas.  Against Wind Access, plaintiff alleges claims for strict product liability design, manufacturing, and marketing defect (and possibly other unspecified causes of action), negligence, negligence *per se* and gross negligence related to alleged defects in a steel cable and spool holder on a platform plaintiff used while working on a wind turbine. Ex. 2. Petition at ¶¶ 15-27, 1 [sic].

7.      Against improperly joined defendant Magic Valley, plaintiff pleads claims for premises liability, negligence, negligence *per se* and gross negligence. *Id.* at ¶¶ 12-14, 1 [sic].  Plaintiff claims he was an invitee of Magic Valley, the entity that "owned, occupied, and/or controlled the subject facility where Plaintiff was injured." *Id.* at ¶¶ 13-14.  He claims the "condition of the area where Plaintiff was injured posed an unreasonable

---

[1]    This is not the first lawsuit plaintiff has filed arising out this incident.  In April, 2023, plaintiff filed Cause No. C-0469-23-E in Hidalgo County state court against the same defendants.  In May, 2023, plaintiff moved to dismiss those claims after Wind Access moved to transfer venue the case to this Court and removed the case to the Southern District of Texas, McAllen Division.  After the Court dismissed those claims in June, 2023, plaintiff re-filed his claims against the same defendants in this lawsuit on August 18, 2023. Ex. 2, Petition.

4844500

risk of harm, and Magic Valley [] had actual knowledge or reasonably should have known of the unreasonably dangerous condition." *Id.* at ¶ 13.  And he claims Magic Valley was negligent for failing to train/oversee its employees, provide adequate medical treatment, provide a safe workplace, properly inspect/maintain equipment, warn about unreasonably dangerous conditions or make them safe, and failing to timely and adequately react to an emergency situation. *Id.* at ¶¶ 14, 1 [sic].  Plaintiff's claim that this case cannot be removed because Magic Valley is a forum defendant fails because, as explained below, Magic Valley is improperly joined.

REMOVAL PURSUANT TO DIVERSITY OF CITIZENSHIP

8.     Wind Access removes this action pursuant to 28 U.S.C. § 1441(a).  This Court has jurisdiction based on 28 U.S.C. § 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

C.     Amount in Controversy

9.     The amount in controversy exceeds the sum or value of $75,000.00. "Plaintiff seeks damages more than $1,000,000.00 . . . ."  Ex. 2, Petition at ¶ 29.

D.     Diversity of Citizenship

10.     Plaintiff is a citizen of Ohio. Ex. 2, Petition at ¶ 6.  No properly joined defendant is a Texas citizen.  For diversity jurisdiction purposes, Wind Access, the only

4

properly joined defendant,[2] is not a Texas citizen – it is a Wisconsin corporation with its principal place of business in Wisconsin.  Given the complete diversity of citizenship, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and removal is proper under 28 U.S.C. § 1441(a).

## IMPROPER JOINDER OF MAGIC VALLEY

E.    The forum defendant rule does not apply to Magic Valley, an improperly joined party.

11.    Plaintiff contends removal is not possible because Magic Valley is a "forum defendant" that was incorporated and has its principal office in Texas such that any "attempt at removal [would be] baseless and in bad faith."  Ex. 2, Petition at ¶ 5.  The forum defendant rule states the following:

> A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest **properly joined** and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(b)(2) (emphasis added).  The Fifth Circuit held a "removing party may establish federal diversity jurisdiction by demonstrating that the state court plaintiff 'improperly joined' all forum defendants." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014); *Taylor v. Cavender Buick of Tex. Ltd.*, No. SA-16-CV-724-XR, 2016 WL 6581353, at *1 (W.D. Tex. Nov. 7, 2016) (denying remand because

---

[2]    In referring to Wind Access as a "properly joined defendant," Wind Access does not admit any of plaintiff's liability allegations.  To the contrary, Wind Access expressly denies all liability allegations plaintiff has asserted against it in this lawsuit.  Wind Access only uses the term "properly joined defendant" because it is the specific term of art the Fifth Circuit uses in the removal/improper joinder context.

4844500

forum defendants were improperly joined).  Because Magic Valley (the sole "forum defendant") was improperly joined, this case is removable under section 1332(a).

F.    Legal standards governing improper joinder of forum defendant Magic Valley.

12.    To establish improper joinder, a removing party must demonstrate either (a) actual fraud in the pleading of jurisdictional facts or (b) plaintiff's inability to establish a cause of action against the non-diverse defendants in state court. *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003).  In this case, Wind Access removes based on the second test: plaintiff cannot establish a cause of action against Magic Valley, the forum defendant.

13.    In applying the second test, the Court may conduct a Rule 12(b)(6)-type analysis, looking solely at the allegations in plaintiff's state court petition. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  For purposes of an improper joinder analysis, the *Twombly* plausibility pleading standard (rather than the lower, Texas state "fair notice" pleading standard) applies. *Int'l Energy Ventures Mgmt. L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 200-02 (5th Cir. 2016); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

14.    The removing party need not demonstrate an absence of any possibility of recovery in state court; it must demonstrate only that there is no reasonable basis for predicting the plaintiff will recover in state court. *Gray v. Beverly Enterprises-Mississippi, Inc.,* 390 F.3d 400, 405 (5th Cir. 2004).  In other words, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 462 (5th Cir. 2003) (emphasis in original).  When deciding whether the plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is

6

limited to the causes of action and allegations asserted in the state court petition. *Griggs v. State Farm Lloyds,* 181 F.3d 694, 700 (5th Cir. 1999). If the allegations against a non-diverse defendant in the petition could not survive a Rule 12(b)(6) challenge, there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the non-diverse defendant. *Davidson v. Georgia-Pacific, L.L.C.,* 819 F.3d 758, 765 (5th Cir. 2016).

G.    Plaintiff cannot recover from Magic Valley under premises liability theory.

15.    Plaintiff asserts a premises liability claim against Magic Valley.[3] Plaintiff claims he was an invitee of Magic Valley, the entity that "owned, occupied, and/or controlled the subject facility where Plaintiff was injured." Ex. 2, Petition, at ¶¶ 13-14. He further claims the "condition of the area where Plaintiff was injured posed an unreasonable risk of harm and Magic Valley [] had actual knowledge or reasonably should have known of the unreasonably dangerous condition." *Id.* Plaintiff further claims Magic Valley's

---

[3] Under Texas law, a person injured on another's property has two potential causes of action against the owner or operator of the property: (1) a claim for negligent activity on the premises, and (2) a premises liability claim for an unreasonably dangerous condition on the premises. *Key v. Expressjet Airlines, Inc.*, No. SA-16-CV-00510-OLG, 2017 WL 10775020, at *2 (W.D. Tex. Dec. 12, 2017), citing *Clayton W. Williams Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). Although both liability theories are based on negligence principles, they are independent theories that require different elements of proof. *Id.*, citing *Reyes v. Dollar Tree Stores*, 221 F.Supp.3d 817, 824 (W.D. Tex. 2016). Negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Reyes*, 221 F.Supp.3d at 824. "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Arsement v. Spinnaker Expl. Co.*, 400 F.3d 238, 251 (5th Cir. 2005). Here, plaintiff does not allege a claim against Magic Valley for negligent activity.

breach of its "duty to either warn Plaintiff of the unreasonably dangerous condition or make the dangerous condition reasonably safe" caused his injuries. *Id.* at ¶ 14.

16. Under Texas law, a business invitee must prove four elements in order to prevail in a premises-liability action: "(1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) ... the risk was the proximate cause of injuries to the invitee." *Garcia v. Wal-Mart Stores Texas, L.L.C.*, 893 F.3d 278, 279 (5th Cir. 2018) (quoting *Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014)).

17. Plaintiff cannot recover from Magic Valley under a premises liability theory. Plaintiff alleges he was injured while an invitee on "Magic Valley Electric Cooperative, Inc.'s premises." Petition at ¶ 14. The address of the property where the accident occurred is 12550 Pennington Road, Raymondville, Texas 78580 (the "property"). But Magic Valley Electric Cooperative, Inc., the entity Plaintiff has sued in this matter, does not own the property. *Maes v. Lowe's Home Centers LLC*, No. EP-17-00107-FM, 2017 WL 10820162, at *2 (W.D. Tex. Sept. 13, 2017) (finding no reasonable possibility of recovery against defendant under premises liability claim because it was not the owner of the premises). According to Willacy County Appraisal District's website, the property is owned by an entity that operates under a similar "Magic Valley" name: E.On Climate & Renewables d/b/a Magic Valley I Wind Farm. Ex. 6 (documents related to ownership of

property).[4] Plaintiff cannot recover from Magic Valley Electric Cooperative, Inc. (the only non-diverse defendant) under a premises liability theory (or any other theory) because it does not own the property where the accident occurred, is not a proper party, and has been improperly joined in this lawsuit.

18.    Even if (as Plaintiff alleges) Magic Valley owned, occupied and/or controlled the "subject facility" where he was injured, his premises liability claims cannot survive a Rule 12(b)(6) analysis. Ex. 2, Petition at ¶ 13.  Plaintiff alleges "the **wind turbine** was built and maintained in an unreasonably dangerous condition and contributed to Plaintiff's injuries." *Id.* (emphasis added).  But the "Facts" section of the Petition establishes that Plaintiff's injuries were caused by an alleged malfunction of the **spool holder** on the **platform** he was using to work on a wind turbine:

> This lawsuit is necessary because of an incident that occurred on or about December 01, 2021. On the date in question, Plaintiff was preparing to work on a wind turbine **using a wind access 360 BMP platform. Plaintiff was uptower lowering the steel cable that the platform uses, when the spool holder malfunctioned and the cable "rat nested"** and caught his hand causing his hand to become nearly severed.

Ex. 2, Petition at ¶ 9 (emphasis added).  And, while the Petition repeatedly and vaguely references "the product(s)" that allegedly caused plaintiff's injuries, plaintiff's more

---

[4]    Wind Access asks the Court to take judicial notice of the records of Willacy County Appraisal District pursuant to Federal Rule of Evidence 201(b). *In re Burch*, No. 4:19-CV-00470-O, 2019 WL 5887352, at *1 (N.D. Tex. Sept. 20, 2019) (taking judicial notice of the websites of the Tarrant Appraisal District and the Dallas Central Appraisal District, which reflected the owners of the property at issue); *U.S. Bank Nat'l Ass'n v. Robinson*, No. 3:17-CV-2586-G, 2018 WL 3406931, at *3 (N.D. Tex. June 15, 2018), report and recommendation adopted, No. 3:17-CV-2586-G (BH), 2018 WL 3392176 (N.D. Tex. July 10, 2018) (taking judicial notice of the owner of property listed on Dallas Central Appraisal District's website).

specific allegations reveal that "the product(s)" at issue are the "steel cable and spool holder" on the "wind turbine platform." *Id*. at ¶¶ 9, 17, 23.

19.     Plaintiff does not allege Magic Valley owned or controlled the wind turbine platform where the injury occurred (or its component parts, including the steel cable and spool holder), which was sold by defendant Wind Access to plaintiff's employer, RWE Renewables Americas, LLC (now named RWE Clean Energy, LLC). Nor does plaintiff allege that the platform, which was portable, was a fixture on any property owned by Magic Valley or that the platform had been in place for long enough to qualify as a "condition" of the property. Plaintiff's allegations do not meet federal pleading standards because he does not allege facts sufficient to support a claim that any "condition" on property owned by Magic Valley was unreasonably dangerous. *See McDowell v. United States*, No. 5:18CV18-CMC, 2020 WL 10456851, at *30 (E.D. Tex. June 26, 2020) (questioning basis of premises liability claim when no indication dock plate was in down position long enough to have become a "condition" of the premises); *Nelson v. Chevron USA Inc.*, No. CV M-09-320, 2010 WL 11583425, at *4 (S.D. Tex. Nov. 1, 2010) (finding federal forum would be maintained due to improper joinder because the unsafe placement of a load in plaintiff's truck was not a "condition" of the premises).

20.     Plaintiff also fails to allege any facts supporting the claim that Magic Valley "had actual knowledge or reasonably should have known of any unreasonably dangerous condition." Ex. 2, Petition at ¶ 13. He does not allege there were similar occurrences or incidents in the past that would have alerted Magic Valley to some unreasonably dangerous condition at the "facility" (whether the property, the platform, or the wind turbine). Nor

10

does he allege Magic Valley had some duty to inspect the "facility" (whether the property, the platform, or the wind turbine) that would have alerted it to some unreasonably dangerous condition. Without factual allegations from which the Court could draw the reasonable inference that Magic Valley had actual or constructive knowledge of a dangerous condition on its premises, plaintiff's allegations fail to state a claim against Magic Valley under Rule 12(b)(6) and federal pleading standards. *Rosario Dominguez v. Target Corp.*, No. 5:18-CV-23, 2018 WL 8583800, at *3 (S.D. Tex. July 25, 2018) (dismissing premises liability claim pursuant to Rule 12(b)(6) because plaintiff failed to allege facts sufficient to demonstrate premises owner had constructive knowledge of alleged defect).

21.     To survive a Rule 12(b)(6) challenge to his premises liability claim against Magic Valley, plaintiff must assert factual allegations sufficient to establish a possibility of recovery. But plaintiff's pleading does no more than loosely recite the elements of a premises liability claim and fails to allege any facts to support those allegations. Because (1) Magic Valley does not own the premises at issue and (2) the allegations contained in Plaintiff's Original Petition cannot support a premises liability claim against Magic Valley, Magic Valley is improperly joined and its Texas citizenship cannot prevent the removal of this action.

H.     Plaintiff cannot recover from Magic Valley under a negligence theory.

22.     Under Texas law, the elements of a negligence claim are: (a) a legal duty owed by one person to another; (b) breach of that duty; and (c) damages proximately caused by the breach." *Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746,

11

4844500

at *3 (N.D. Tex. Aug. 12, 2015) (Boyle, J.) (citing *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). Under federal pleading standards, threadbare recitals of the elements of a cause of action without supporting factual allegations are insufficient to establish a reasonable possibility of recovery. *See Williams v. Avon Products, Inc.,* No. 4:19-CV-02337, 2019 WL 6040073, at *5 (S.D. Tex. Oct. 24, 2019), report and recommendation adopted, No. 4.19-CV-02337, 2019 WL 6038525 (S.D. Tex. Nov. 14, 2019).

23.    Even if (as Plaintiff incorrectly alleges) Magic Valley owns the property where the incident occurred, his negligence claim cannot survive a Rule 12(b)(6) analysis. Here, the Petition does not even contain a bare recitation of the elements of a negligence claim.  Plaintiff summarily alleges Magic Valley was negligent because it failed to properly train and oversee its employees, provide adequate medical treatment, provide a safe workplace, properly inspect and maintain the equipment in question, warn about unreasonable dangerous conditions at the work site, make unreasonable conditions at the worksite safe, and/or failed to timely and adequate respond to an emergency situation. Ex. 2, Petition at ¶ 1 [sic].  But he does not allege Magic Valley had a duty to do any of these things or provide facts that could support a finding that Magic Valley had a duty to do any of these things. *Borg v. Old Navy, LLC*, No. SA-13-CV-680-XR, 2013 WL 4017938, at *2 (W.D. Tex. Aug. 6, 2013) (finding store manager improperly joined because plaintiff did not allege facts to show she owed a duty to plaintiff).[5]  And plaintiff does not allege that

---

[5]    Plaintiff does not allege he was an employee of Magic Valley and, upon information and belief, plaintiff was an employee of RWE Renewables Americas, LLC (now named RWE Clean Energy, LLC).

4844500

any alleged negligence of Magic Valley caused the accident or his injuries and damages, which is an essential element of a negligence claim against Magic Valley.

24.     Plaintiff does not have a reasonable possibility of recovery from Magic Valley under a negligence theory because he has not pled "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), cert. denied, 552 U.S. 1182 (2008). Plaintiff's negligence claim consists of nothing more than a conclusory allegation of negligence, does not identify the required elements of a negligence claim, and contains no facts to support a negligence claim. *Resendez v. CitiMortgage, Inc.,* 7:14-CV-52, 2014 WL 12599333, at *1-2 (S.D. Tex. Mar. 5, 2014); *Ayati-Ghaffari v. Title Source, Inc*., 4:14-CV-840-ALM-CAN, 2015 WL 10793519, at *5 (E.D. Tex. Aug. 10, 2015), report and recommendation adopted, 4:14-CV-840, 2015 WL 10793719 (E.D. Tex. Sept. 3, 2015).  Because (1) Magic Valley does not own the premises at issue and (2) the allegations contained in Plaintiff's Original Petition cannot support a negligence claim against Magic Valley, Magic Valley is improperly joined and its Texas citizenship cannot prevent the removal of this action.

I.     Plaintiff cannot recover from Magic Valley under a gross negligence theory.

25.     The Petition alleges "Defendants were … grossly negligent, and acted recklessly, intentionally, and/or with an utterly wanton disregard for the rights and safety of Hendrix [sic] and others …" Ex. 2, Petition at ¶ 1 [sic].  To adequately state a claim for gross negligence in Texas, plaintiff must meet the statutory requirements, which includes an act or omission:

4844500

1. which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

2. of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11); *accord Suarez v. City of Tex. City*, 465 S.W.3d 623, 633 (Tex. 2015); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)).

26.    Even if (as Plaintiff incorrectly alleges) Magic Valley owns the property where the incident occurred, his gross negligence claim cannot survive a Rule 12(b)(6) analysis. The Petition does not even contain a threadbare recital of the elements of a gross negligence claim. Nor does it allege facts that would establish intent or recklessness, or any facts even related to objective or subjective awareness. *Bowles v. Mars, Inc.*, No. 4:14-CV-2258, 2015 WL 3629717 at *5 (W.D. Tex. June 10, 2015) (the plaintiff's claim did not sufficiently allege facts to establish intent/recklessness); *see Petri v. Kestrel Oil & Gas Props., L.P.*, Nos. H-09-3994, H-10-CV-122, H-10-CV-497, 2011 WL 2181316 at *5 (S.D. Tex. June 3, 2011) ("Plaintiffs generally allege . . . gross negligence . . . but do not set out sufficient facts relating to the specific alleged conduct of WGPS giving rise to these claims."); *McAndrews v. C.R. Bard, Inc.*, No. H-14-2504, 2015 WL 2089432, at *3 (S.D. Tex. May 5, 2015) ("In order to state a claim for gross negligence,  a plaintiff must allege facts indicating that 'the defendant knew about the peril, but his acts or omissions

4844500

demonstrate that he did not care.'") (quoting *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247 (Tex. 1999)); *Kent v. Wal-Mart Stores Tex., LLC*, No. 3:17-CV-211, 2018 WL 953348, at *3 (S.D. Tex. Feb. 20, 2018) (the plaintiff's pleading of gross negligence was insufficient when he only provided "the standards set out in the Texas Civil Practice and Remedies Code.").

27.     And when the defendant is a corporation, the subjective prong of the gross negligence standard requires that the corporation (1) authorized or ratified an agent's malice, (2) maliciously hired an unfit agent, or (3) acted with malice through a vice principal. *Quesnot v. Costco Wholesale Corp.*, 5:15-CV-1014-OLG, 2016 WL 11586209, at *1 (W.D. Tex. Aug. 24, 2016) (citing *Qwest Int'l Commc'ns, Inc. v. AT&T Corp.*, 167 S.W.3d 324, 326 (Tex. 2005)). Plaintiff has not alleged facts regarding the subjective prong.

28.     Plaintiff does not have a reasonable possibility of recovery from Magic Valley under a gross negligence theory because he has not pled "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), cert. denied, 552 U.S. 1182 (2008). The Petition summarily states Magic Valley was grossly negligent, but does not identify the required elements of a gross negligence claim, and contains no facts to support a gross negligence claim. *Resendez v. CitiMortgage, Inc.*, 7:14-CV-52, 2014 WL 12599333, at *1 (S.D. Tex. Mar. 5, 2014); *Ayati-Ghaffari v. Title Source, Inc.*, 4:14-CV-840-ALM-CAN, 2015 WL 10793519, at *5 (E.D. Tex. Aug. 10, 2015), report and recommendation adopted, 4:14-CV-840, 2015 WL 10793719 (E.D.

Tex. Sept. 3, 2015). Because (1) Magic Valley does not own the property at issue and (2) the allegations contained in Plaintiff's Original Petition cannot support a gross negligence claim against Magic Valley, Magic Valley is improperly joined and its Texas citizenship cannot prevent the removal of this action. *Blair v. Home Depot U.S.A., Inc.*, No. MO21CV00252DCRCG, 2022 WL 2762216, at *4 (W.D. Tex. Mar. 3, 2022), report and recommendation adopted, No. MO:21-CV-00252-DC, 2022 WL 2762212 (W.D. Tex. Mar. 19, 2022) (finding defendant improperly joined because plaintiff failed to state plausible claim for gross negligence against nondiverse defendant).

J.     Plaintiff cannot recover from Magic Valley under a negligence *per se* theory.

29.     To state a plausible negligence *per se* claim, a plaintiff must allege (1) the plaintiff belongs to the class of people the statute was designed to protect, and the plaintiff's injury is of the type the statute was designed to prevent; (2) the statute is one for which tort liability may be imposed when violated; (3) the defendant violated the statute without excuse; and (4) the defendant's act or omission proximately caused the plaintiff's injury. *Ready Aim Flyer, LLC v. Aviat Aircraft, Inc.*, No. 4:15-CV-2731, 2016 WL 4376612, at *3 (S.D. Tex. Aug. 16, 2016) (citing *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 549 (Tex. 1985)). The Petition does not identify the elements of a negligence *per se* claim. Nor does the Petition invoke any statute, allege plaintiff belongs to a class of people a statute was designed to protect; show how plaintiff's injuries are of the type a statute was designed to prevent; articulate a statute for which tort liability may be imposed when violated; or allege Magic Valley violated a statute without excuse.

4844500

30.     Even if (as Plaintiff incorrectly alleges) Magic Valley owns the property where the incident occurred, his negligence *per se* claim cannot survive a Rule 12(b)(6) analysis. Plaintiff does not have a reasonable possibility of recovery from Magic Valley under a negligence *per se* claim because the allegations in the Petition are not sufficient to support recovery for negligence *per se*. *Del Castillo v. PMI Holdings N. Am. Inc*, 4:14-CV-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016); *Williams v. Hous. Corp. of Greater Houston*, CV H-14-2309, 2016 WL 5795136, at *6 (S.D. Tex. Sept. 16, 2016), *report and recommendation adopted*, CV H-14-2309, 2016 WL 5794787 (S.D. Tex. Oct. 4, 2016); *Wattley v. Hartford Acc. & Indemn.*, No. 3-99-CV-1711-BD, 1999 WL 801391, at *3 (N.D. Tex. Oct. 6, 1999) (denying remand because plaintiff failed to allege viable claim against nondiverse party for negligence *per se*).

31.     Because (1) Magic Valley does not own the property at issue and (2) the allegations in the Petition cannot support a premises liability, negligence, negligence *per se*, or gross negligence claim against Magic Valley, Magic Valley is improperly joined and its Texas citizenship cannot prevent the removal of this action.

PROCEDURAL REQUIREMENTS OF REMOVAL

32.     Removal is proper because subject-matter jurisdiction is established under 28 U.S.C. §1332(a).

K.     Timeliness

33.     This Notice of Removal has been timely filed because thirty days have not elapsed since Wind Access was served with the lawsuit on September 22, 2023. Ex. 4. *Cf.*

28 U.S.C. § 1446(b)(1). Additionally, this case is being removed within one year of the commencement of the action, as required under 28 U.S.C. § 1446(c)(1).

L.    Venue

34.    Plaintiffs brought this action in the 197th Judicial District Court of Willacy County, Texas – located within the Southern District of Texas, Brownsville Division. 28 U.S.C. § 124(b)(4). Accordingly, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

M.    Compliance with Notice Requirements

35.    Pursuant to 28 U.S.C. § 1446(d), Wind Energy will promptly give written notice of the filing of this Notice to plaintiff, as well as promptly file a copy of the Notice of Removal with the clerk for the 197th Judicial District Court of Willacy County, Texas.

N.    Filing Fee

36.    A filing fee of $402 has been tendered to the Clerk of the United States District Court for the Southern District of Texas, Brownsville Division.

O.    Consent to Removal

37.    The consent requirement only applies to "properly joined and served defendants." 28 U.S.C. § 1446(b)(2)(A); *see also Rico v. Flores*, 481 F3d 234, 239 (5th Cir. 2007) (consent of an improperly-joined defendant is not required); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this [consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."). Although Magic Valley

need not consent because it is improperly joined, Magic Valley is unopposed to this removal.

P.    Other Filings

38.    Pursuant to Local Rule 3, Defendant attaches a civil action cover sheet (JS44c).

39.    Pursuant to Federal Rule of Civil Procedure 7.1, Wind Access has prepared and will file separately a corporate disclosure statement.

Q.    Jury Demand

40.    Plaintiff previously demanded a jury trial in state court, Ex. 2, Original Petition at ¶ 28, and Defendant demands a jury trial herein. *Cf.* Fed. R. Civ. P. 81(c)(3)(A), (B)(i).

R.    Request for Leave to Amend

41.    In the event this Court subsequently identifies a defect in this Notice of Removal, Wind Access respectfully requests the Court grant leave to amend this Notice and cure the defect. *See, e.g., Silva v. Degs Wind I, LLC*, No. CV 1:13-247, 2015 WL 12743775, at *2-3 (S.D. Tex. Jan. 29, 2015); *Bailon v. Landstar Ranger, Inc.*, 3:16-CV-1022-L, 2016 WL 6565950, at *4 (N.D. Tex. Nov. 3, 2016) (citing *In re Allstate Ins. Co.*, 8 F.3d 219, 221 & n.4 (5th Cir. 1993)) (procedural defects may be cured by the filing of an amended notice of removal); *Lafayette City-Parish Consol. Government v. Chain Elec. Co.*, No. 11-1247, 2011 WL 4499589, at *7 (W.D. La. Sept. 23, 2011) (explaining "defendants may freely amend the notice of removal required by section 1446(b).").

CONCLUSION

Based on the foregoing, Wind Access removes this case to this Court.  This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Respectfully submitted and signed pursuant to Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By: */s/ Thomas M. Bullion III*
      R. Chad Geisler
      State Bar No. 00793793
      cgeisler@germer-austin.com
      Thomas M. Bullion III
      State Bar No. 03331005
      tbullion@germer.com

ATTORNEYS FOR DEFENDANT WIND ACCESS ENGINEERING, INC.

4844500

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 9, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Kurt Arnold
Caj Boatright
Roland Christensen
Claire Schindler
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77098

**ATTORNEYS FOR PLAINTIFF**

Philip P. Romero
Joe M. Marcus
Natosha Manning-Greene
WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC
1717 Main Street, 25th Floor
Dallas, Texas 75201

**ATTORNEYS FOR DEFENDANT**
**MAGIC VALLEY ELECTRIC**
**COOPERATIVE, INC.**

*/s/ Thomas. M. Bullion III*
Thomas M. Bullion III

4844500