United States District Court
Southern District of Texas
**ENTERED**
February 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUSTIN ALBAUGH, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:23-CV-146 |
| § | |
| WIND ACCESS ENGINEERING, INC., *et al.*, § | |
| § | |
| Defendants. § | |

## **ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff Justin Albaugh filed this lawsuit in a Texas state court, alleging causes of action against Defendants Wind Access Engineering, Inc. and Magic Valley Electric Cooperative. Albaugh, a resident Ohio, alleged that Magic Valley Electric was a citizen of Texas, rendering the case non-removable under the forum defendant rule of 28 U.S.C. § 1441(b)(2). Both Wind Access and Magic Valley Electric appeared in the lawsuit.

Wind Access then removed the matter to this Court, contending that diversity jurisdiction existed because Albaugh had improperly joined Magic Valley Electric and, as a result, its citizenship could be disregarded. Albaugh filed a Motion to Remand (Doc. 4), followed by a motion for leave to amend his pleading to add a new defendant, E.on Climate and Renewables, LLC d/b/a Magic Valley I Wind Farm, LLC. (Motion for Leave to Amend, Doc. 6)

A Magistrate Judge recommends that the Court deny Albaugh's Motion to Remand and Motion for Leave to Amend, and also dismiss the claims against Magic Valley Electric on the grounds that it was improperly joined. (R&R, Doc. 10)

As no party filed objections to the Report and Recommendation, the Court reviews it for clear error. *See* FED. R. CIV. P. 72(b)(3), Advisory Comm. Note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation."). Finding no clear error, the Court **ADOPTS** the Report and Recommendation (Doc. 10).[1] As a result, it is:

**ORDERED** that Plaintiff Justin Albaugh's Motion to Remand (Doc. 4) is **DENIED**;

**ORDERED** that Plaintiff Justin Albaugh's Motion for Leave to Amend (Doc. 6) is **DENIED**; and

**ORDERED** that Defendant Magic Valley Electric Cooperative, Inc., is **DISMISSED WITHOUT PREJUDICE** as improperly joined.

Signed on February 14, 2024.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge

---

[1] The parties appear to assume that the improper joinder doctrine applies in case filed in state court under the forum defendant rule of 28 U.S.C. § 1441(b)(2). But the Fifth Circuit has not applied the improper joinder doctrine in such a context. *See C&R Transp. Servs., LLC v. Ritchie Bros. Auctioneers (Am.) Inc.*, No. 4:23-CV-00536-O-BP, 2023 WL 8937163, at *2 (N.D. Tex. Dec. 6, 2023), report and recommendation adopted, 2023 WL 8936706 (N.D. Tex. Dec. 27, 2023) ("No Circuit, let alone the Fifth Circuit, has conclusively held that the improper joinder doctrine extends to forum defendants."). And district courts have taken opposite routes. *Compare, e.g., id.* at 4 ("The improper joinder doctrine does not extend to the forum-defendant rule, and the Court cannot ignore Worthy's Texas citizenship."), *with Bryant v. General Motors LLC*, Civil Action No. 2:15-CV-157, 2015 WL 13672840 (S.D. Tex. June 23, 2015) ("Thus, the Court finds that Mike Shaw was improperly joined and its status as a forum defendant may be disregarded for purposes of removal."). As the matter appears unsettled in the Fifth Circuit, the Court finds no clear error in the Report and Recommendation's application of the doctrine. *See, e.g., Cannon v. Shelf Drilling Holdings, Ltd*, No. 4:22-CV-3748, 2023 WL 6138546, at *15 (S.D. Tex. July 31, 2023), report and recommendation adopted, 2023 WL 6174411 (S.D. Tex. Sept. 22, 2023)(noting that the law is unsettled and "because the Parties assume the improper-joinder rule applies, the Court follows their lead").