IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN ALBAUGH | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-146 |
| | § | |
| WIND ACCESS ENGINEERING, INC. | § | |
| AND MAGIC VALLEY ELECTRIC | § | |
| COOPERATIVE, INC. | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT WIND ACCESS ENGINEERING INC.'S
<u>MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By: */s/ Thomas M. Bullion III*
    R. Chad Geisler
    State Bar No. 00793793
    cgeisler@germer-austin.com
    Thomas M. Bullion III
    State Bar No. 03331005
    tbullion@germer.com

ATTORNEYS FOR DEFENDANT
WIND ACCESS ENGINEERING, INC.

TABLE OF CONTENTS

I.    DISPUTE BACKGROUND ................................................................................1-3

II.    ARGUMENT AND AUTHORITIES .................................................................. 3-16

    A.  Plaintiff's strict liability claims should be dismissed because he does not
       adequately allege a design defect, manufacturing defect or marketing defect claim
       against Wind Access............................................................................ 3-10

        1.  Plaintiff's strict liability design defect claim fails because he fails to allege
           a specific design defect or safer alternative design and does not provide
           adequate facts to support such a claim.........................................................4-7

        2.  Plaintiff's strict liability manufacturing defect claim fails because he does
           not specify a manufacturing defect, a causal connection between the
           failure of the specific manufacturing process and a specific defect, or how
           the manufacturing process deviated from the approved manufacturing
           process.........................................................................................7-8

        3.  Plaintiff's strict liability marketing defect claim fails because the alleged
           failure to warn relates solely to "the product(s)" unreasonable risk due to
           defective manufacture or design and because he fails to adequately allege
           causation .................................................................................. 8-10

    B.  Plaintiff's negligence, negligence *per se* and gross negligence claims should be
       dismissed because the Petition does not satisfy federal pleadings standards with
       respect to these claims ........................................................................ 11-16

        1.  Plaintiff's negligence claim fails because he does not allege the elements
           of a negligence claim or any facts that could support such a claim..... 11-12

        2.  Plaintiff's negligence per se claim fails because he does not allege any
           element of a negligence per se claim or facts that could support such as
           claim ..................................................................................... 12-13

         3.  Plaintiff's gross negligence claim fails because his underlying claims are
           inadequate and because he does not allege the elements of a gross
           negligence claim or facts to support such a claim................................ 14-16

III.    PRAYER ................................................................................................ 16

TABLE OF AUTHORITIES

CASES:

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)) ................................................................................................... 14

*Barragan v. Gen. Motors LLC,* No. 4:14-CV-93-DAE, 2015 WL 5734842, at *6 (W.D. Tex. Sept. 30, 2015*)* ......................................................................................................... 9, 10

*Boerjan v. Rodriguez,* 436 S.W.3d 307, 311 (Tex. 2014*)* ............................................... 14

*Bowles v. Mars, Inc.,* No. 4:14-CV-2258, 2015 WL 3629717 at *5 (W.D. Tex. June 10, 2015) . 15

*Bowman v. CitiMortgage Inc.,* No. 3:14-CV-4036-B, 2015 WL 4867746, at *3 (N.D. Tex. Aug. 12, 2015) (citing Nabors Drilling, USA, Inc. v. Escoto, 288 S.W.3d 401, 404 (Tex. 2009)) ....... 12

*Brooks v. Dealers Truck Equip. Co. Inc.,* No. 5:22-CV-00115-JRG, 2023 WL 11772631, at *4 (E.D. Tex. Sept. 18, 2023) .................................................................................. 6

*Carlton v. Olympus Corp. of Americas,* No. 1:18-CV-00026-LY, 2019 WL 6037322, at *11 (W.D. Tex. July 26, 2019), report and recommendation adopted, No. 1:18-CV-26-LY, 2019 WL 6037277 (W.D. Tex. Aug. 23, 2019) .......................................................................... 10, 14

*Castillo v. JLG Indus., Inc.,* No. 5:18-CV-00041, 2018 WL 11428843, at *4 (S.D. Tex. Sept. 17, 2018) ....................................................................................................... 12

*Charles v. K-Patents, Inc.,* No. 1:17-CV-339, 2018 WL 9869532, at *3 (E.D. Tex. Aug. 10, 2018) (quoting Rodriguez v. Gilead Sci., Inc., No. 2:14-CV-324, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015)) ............................................................................................ 6

*Davis v. Kaeser Compressors, Inc.,* No. 2:22-CV-00058-JRG, 2022 WL 2704164, at *4 (E.D. Tex. July 12, 2022) ................................................................................................ 9, 10

*Del Castillo v. PMI Holdings N. Am. Inc,* 4:14-CV-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016) ................................................................................................ 13

*Elmazouni v. Mylan, Inc.,* 220 F. Supp. 3d 736, 741 (N.D. Tex. 2016) (quoting Cooper Tire & Rubber Co. v. Mendez, 204 S.W.3d 797, 800 (Tex. 2006)) ...................................... 7, 14

*Fearrington v. Boston Sci. Corp.,* 410 F. Supp. 3d 794, 802 (S.D. Tex. 2019) .................. 4, 8, 9
*Franklin v. Apple Inc.,* 569 F. Supp. 3d 465, 477–78 (E.D. Tex. 2021) ............................. 6

*Funk v. Stryker Corp.,* 631 F.3d 777, 782 (5th Cir. 2011) .......................................... 7, 8

*Garcia v. Deere & Company,* No. 3:20-cv-095, 2021 WL 3745188, at *1 (S.D. Tex. Mar. 23, 2021) (quoting Fearrington v. Boston Sci. Corp., 410 F. Supp. 3d 794, 803 (S.D. Tex. 2019))..4, 6

*Jackson v. Black & Decker (US), Inc.,* No. 4:06-CV-190-Y, 2008 WL 11349747, at *7 (N.D. Tex. Mar. 10, 2008) ............................................................................................................... 5

*Kent v. Wal-Mart Stores Tex., LLC,* No. 3:17-CV-211, 2018 WL 953348, at *3 (S.D. Tex. Feb. 20, 2018).............................................................................................................................. 15

*La.-Pac. Corp. v. Andrade,* 19 S.W.3d 245, 247 (Tex. 1999) ....................................... 15

*Lane v. Halliburton,* 529 F.3d 548, 565 (5th Cir. 2008) ................................................ 12

*McAndrews v. C.R. Bard, Inc.,* No. H-14-2504, 2015 WL 2089432, at *3 (S.D. Tex. May 5, 2015)................................................................................................................................. 15

*Miller v. Salvaggio,* No. SA-20-CV-00642-JKP, 2022 WL 1050314, at *4 (W.D. Tex. Apr. 7, 2022)..........................................................................................................................6, 8, 10

*Petri v. Kestrel Oil & Gas Props., L.P.,* Nos. H-09-3994, H-10-CV-122, H-10-CV-497, 2011 WL 2181316 at *5 (S.D. Tex. June 3, 2011) ................................................................... 15

*Quesnot v. Costco Wholesale Corp.,* 5:15-CV-1014-OLG, 2016 WL 11586209, at *1 (W.D. Tex. Aug. 24, 2016) (citing Qwest Int'l Commc'ns, Inc. v. AT&T Corp., 167 S.W.3d 324, 326 (Tex. 2005)) ............................................................................................................................... 15

*Ready Aim Flyer, LLC v. Aviat Aircraft, Inc.,* No. 4:15-CV-2731, 2016 WL 4376612, at *3 (S.D. Tex. Aug. 16, 2016) (citing Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 549 (Tex. 1985)) ............................................................................................................................... 13

*Rojas v. Teva Pharm. USA, Inc.,* 920 F. Supp. 2d 772, 774–75 (S.D. Tex. 2013)..........................3

*Suarez v. City of Tex. City,* 465 S.W.3d 623, 633 (Tex. 2015)....................................... 14

*U.S. ex rel. Phillips v. L-3 Communications Integrated, Sys. L.P.,* No. 3:10-CV-1784-L, 2012 WL 3649699, at *10 (N.D. Tex. Aug. 24, 2012)............................................................... 12
*Villarreal v. Navistar, Inc.,* No. 3:20-CV-02980-X, 2022 WL 14708977, at *4 (N.D. Tex. Mar. 8, 2022), reconsideration granted in part, No. 3:20-CV-2980-X, 2022 WL 13918960 (N.D. Tex. Oct. 20, 2022) ................................................................................................................... 5

*Williams v. Hous. Corp. of Greater Houston,* CV H-14-2309, 2016 WL 5795136, at *6 (S.D. Tex. Sept. 16, 2016), report and recommendation adopted, CV H-14-2309, 2016 WL 5794787 (S.D. Tex. Oct. 4, 2016) ............................................................................................... 13

iv

<u>Rules</u>

Fed. R. Civ. P. 12………………………………………………………1, 2, 6, 7, 8, 12, 16

Tex. Civ. Prac. & Rem. Code § 41.001(11) …………………………………………14

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUSTIN ALBAUGH | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-CV-146 |
| | § | |
| WIND ACCESS ENGINEERING, INC. | § | |
| AND MAGIC VALLEY ELECTRIC | § | |
| COOPERATIVE, INC. | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANT WIND ACCESS ENGINEERING INC.'S
### MOTION FOR JUDGMENT ON THE PLEADINGS

TO MAGISTRATE JUDGE IGNACIO TORTEYA III AND
DISTRICT COURT JUDGE FERNANDO RODRIGUEZ, JR.:

Pursuant to Federal Rule of Civil Procedure 12(c), defendant Wind Access Engineering ("Wind Access") moves to dismiss all the claims asserted against it in Plaintiff's Original (Willacy County State Court) Petition (ECF No. 1-3) ("Petition").

### PROCEDURAL BACKGROUND

This lawsuit arises out of an accident that occurred as Plaintiff Justin Albaugh ("Plaintiff") was preparing to work on a wind turbine when the steel cable and/or spool holder for the turbine's platform allegedly "malfunctioned" so that the cable "rat nested" and injured Plaintiff's hand. ECF No. 1-3 at ¶ 9. On May 10, 2023, Plaintiff brought suit in Willacy County state court against Wind Access Engineering Inc. ("Wind Access") – the entity alleged to have manufactured the "product that injured Plaintiff" – and Magic Valley Electric Cooperative ("Magic Valley") – the alleged owner of the property where

1

the accident occurred. ECF No. 1-3. Wind Access removed to this Court because Magic

Valley has no connection to this lawsuit and was improperly joined to defeat diversity

jurisdiction. ECF No. 1. On February 14, 2024, this Court adopted the Magistrate Judge's

Report and Recommendation finding that Magic Valley was improperly joined, dismissing

Magic Valley from the case without prejudice, denying Plaintiff's Motion to Remand, and

denying Plaintiff's Motion for Leave to Amend his pleading. ECF No. 10, adopted by ECF

No. 12.[1]

## INITIAL STATEMENT OF ISSUES

Wind Access is the only remaining defendant in this case and seeks to dismiss all

claims Plaintiff has asserted against it in the Petition. Plaintiff asserts multiple claims

against Wind Access but his pleading contains no more than a threadbare recital of the

elements of each claim and is wholly unsupported by facts. This is not sufficient to survive

a Rule 12(c) motion to dismiss:

> A motion for judgment on the pleadings under Rule 12(c) is subject to the
> same standard as a motion to dismiss under Rule 12(b)(6). The ultimate
> question in a Rule 12(b)(6) motion is whether the complaint states a valid
> claim when all well-pleaded facts are assumed true and are viewed in the
> light most favorable to the plaintiff. A pleading that states a claim for relief
> must contain: ... (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief.... To survive a motion to dismiss, a complaint
> must contain sufficient factual matter, accepted as true, to state a claim to
> relief that is plausible on its face. A claim has facial plausibility when the
> plaintiff pleads factual content that allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct alleged. [T]he tenet

---

[1] Plaintiff filed a motion for leave to amend his pleading in response to Wind Access's Motion
to Remand. ECF No. 6. The Court denied that motion as recommended by the Magistrate
Judge's Report and Recommendation. ECF No. 10 at 18-23, adopted by ECF No. 12.
Consequently, the relevant allegations for the purposes of this motion are contained in
Plaintiff's Original Petition filed in Willacy County state court. ECF No. 1-3.

that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Rojas v. Teva Pharm. USA, Inc.*, 920 F. Supp. 2d 772, 774–75 (S.D. Tex. 2013) (internal quotations and citations omitted).

## <u>SUMMARY OF ARGUMENT AND RELIEF SOUGHT</u>

All of plaintiff's claims against Wind Access should be dismissed pursuant to Federal Rule of Civil Procedure 12(c) for the following reasons:

1. Plaintiff's <u>strict liability design defect claim</u> fails because he does not allege a specific design defect or safer alternative design and does not provide adequate facts to support such a claim.

2. Plaintiff's <u>strict liability manufacturing</u> defect claim fails because he does not specify a manufacturing defect, a causal connection between the failure of the specific manufacturing process and a specific defect, how the manufacturing process deviated from the approved manufacturing process, or facts to support such a claim.

3. Plaintiff's <u>strict liability marketing defect claim</u> fails because the alleged failure to warn relates solely to "the product(s)" supposed unreasonable risk due to defective manufacture or design and because he fails to adequately allege causation or facts to support such a claim.

4. Plaintiff's <u>negligence claim</u> fails because he does not allege the elements of a negligence claim or any facts to support such a claim.

5. Plaintiff's <u>negligence *per se*</u> claim fails because he does not allege the elements of a negligence *per se* claim or facts to support such a claim.

6. Plaintiff's <u>gross negligence claim</u> fails because his underlying claims are inadequate and because he does not allege the elements of a gross negligence claim or facts to support such a claim.

## ARGUMENT AND AUTHORITIES

**A.      Plaintiff's strict liability claims should be dismissed because he does not adequately allege a design defect, manufacturing defect or marketing defect claim against Wind Access.**

Plaintiff's pleading contains separate sections alleging "Products Liability" and "Strict Products Liability" claims against Wind Access. ECF No. 1-3 at V.B. and V.C. Neither section adequately alleges a strict products liability design, manufacturing and/or marketing defect claim against Wind Access. *See id*. In fact, the Petition fails to provide even the most basic information necessary to support a products liability claim against Wind Access – it vaguely and repeatedly refers to "the products and component parts" and "risk" posed in this case but does not sufficiently identify those products; the entity that designed, manufactured and/or marketed those products; and/or the specific risk posed by "the products and component parts." *See id.* Plaintiff's strict products liability claims against Wind Access should also be dismissed because (as explained more fully below) his allegations fail to satisfy federal pleading standards.

> *1.   Plaintiff's strict liability design defect claim fails because he fails to allege a specific design defect or safer alternative design and does not provide adequate facts to support such a claim.*

To state a plausible design defect claim, a plaintiff must allege "'(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.'" *Garcia v. Deere & Company*, No. 3:20-cv-095, 2021 WL 3745188, at *1 (S.D. Tex. Mar. 23, 2021) (quoting *Fearrington v. Boston Sci. Corp.*, 410 F. Supp. 3d 794, 803 (S.D. Tex. 2019)).

4

Plaintiff summarily claims a design defect in "the products" rendered the products unreasonably dangerous but fails to identify the specific product at issue or a specific design defect. ECF No. 1-3 at ¶¶ 18, 20. The factual portion of plaintiff's pleading alleges the steel cable and/or spool holder on the wind turbine platform where he was preparing to work "malfunctioned" allowing the cable to "rat nest" injuring his hand. *Id*. at ¶ 9. But an alleged product "malfunction" is not sufficient to state a design defect claim under federal pleading standards. *Villarreal v. Navistar*, Inc., No. 3:20-CV-02980-X, 2022 WL 14708977, at *4 (N.D. Tex. Mar. 8, 2022), reconsideration granted in part, No. 3:20-CV-2980-X, 2022 WL 13918960 (N.D. Tex. Oct. 20, 2022) (finding plaintiff's allegation that a product "malfunctioned" did not state a design defect claim); *see also Jackson v. Black & Decker (US), Inc.,* No. 4:06-CV-190-Y, 2008 WL 11349747, at *7 (N.D. Tex. Mar. 10, 2008) (finding "a malfunction alone cannot establish a design defect since the malfunctions … could have occurred for any number of reasons outside of the [product's] suffering from a defect in its design.).

Most of the allegations related to plaintiff's design defect claim pertain to unidentified safer alternative designs for "the products." ECF No. 1-3 at ¶ 18. Plaintiff vaguely and summarily alleges Wind Access "knew of safer alternative designs that would have prevented or significantly reduced the unidentified "aforementioned risk" without impairing "the product's" utility. ECF No. 1-3 at ¶ 18. But he does not identify any safer alternative design Wind Access should have utilized in "the products" (whatever those products are), their cost, or any possible risks those alternative designs could have

introduced into "the products." *See id*. Plaintiff's allegations are not sufficient to state a design defect claim under federal pleading standards:

> Franklin acknowledges that his allegations are not detailed, yet he claims they satisfy the "notice pleading" because he need only plead facts that the iPhone battery "could have been alternatively designed in a safer manner and that such alternative designs were economically and technologically feasible"… Franklin's amended complaint fails to identify any alternative design—much less how the design is in fact feasible or safer. Accordingly, his amended complaint contains no *facts* regarding an alternative design, only conclusory statements. Bare assertions that a safer alternative design exists will not suffice. … Here, as previously stated, Franklin does not identify an alternative design at all; he merely states in conclusory fashion that an alternative design exists. Accordingly, the Court finds that Franklin has not stated a plausible design defect claim.

*Franklin v. Apple Inc*., 569 F. Supp. 3d 465, 477–78 (E.D. Tex. 2021) (internal citations omitted); *Garcia v. Deere & Co.,* No. 3:20-CV-095, 2021 WL 3745188, at *2 (S.D. Tex. Mar. 23, 2021) (dismissing design defect claim because plaintiff "failed to identify any specific alternative design, must less describe how that alternative design was safer, economically feasible, or technologically feasible at the time the Tractor was manufactured"); *Brooks v. Dealers Truck Equip. Co. Inc.*, No. 5:22-CV-00115-JRG, 2023 WL 11772631, at *4 (E.D. Tex. Sept. 18, 2023) (dismissing design defect claim under Rule 12(b)(6) because plaintiff admittedly did not identify any safer alternative design). "Showing that a safer alternative design existed is an essential element of the offense, and 'federal procedural law requires that the pleading allege sufficient facts to support the plausibility of that element.'" *Charles v. K-Patents, Inc.*, No. 1:17-CV-339, 2018 WL 9869532, at *3 (E.D. Tex. Aug. 10, 2018) (quoting *Rodriguez v. Gilead Sci., Inc.*, No. 2:14-CV-324, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015)).

Finally, plaintiff's conclusory claim that the "design … defect(s) were the producing causes of Plaintiff's injuries" fails to adequately allege the causation element of his design defect claim. ECF No. 1-3 at ¶ 21. Absent specific factual allegations to support the element of causation, these contentions do not state a claim for relief and cannot satisfy the Rule 12(b)(6) standard regarding causation. *See Miller v. Salvaggio*, No. SA-20-CV-00642-JKP, 2022 WL 1050314, at *4 (W.D. Tex. Apr. 7, 2022) (finding "[a]bsent specific … facts that support causation, Plaintiffs' conclusory allegations do not state a claim for relief and subject Plaintiffs' … claim to dismissal under Rule 12(b)(6).").

The Court should dismiss Plaintiff's design defect claims against Wind Access because the Petition fails to adequately allege and/or provide facts essential to support the elements of that claim.

2.  *Plaintiff's strict liability manufacturing defect claim fails because he does not specify a manufacturing defect, a causal connection between the failure of the specific manufacturing process and a specific defect, or how the manufacturing process deviated from the approved manufacturing process.*

"'A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous.'" *Elmazouni v. Mylan, Inc.*, 220 F. Supp. 3d 736, 741 (N.D. Tex. 2016) (quoting *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006)). A claim for manufacturing defect is "impermissibly conclusory and vague" if it does not (1) "specify the manufacturing defect;" (2) "specify a causal connection between the failure of the specific manufacturing process and the specific defect in the process that caused the personal injury[;]" (3) "tell [ ] how the manufacturing process failed, or how it deviated

from the [] approved manufacturing process." *Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011).

Plaintiff's pleading contains a single sentence specific to his manufacturing defect claim: "Wind Access Engineering Inc. manufactured the conditions, and at the time, deviated in the quality of construction, plan, and/or specifications rendering the conditions unreasonably dangerous." ECF No. 1-3 at ⁋ 19. In *Funk*, the Fifth Circuit found the following allegations failed to state a manufacturing defect claim under federal pleading standards:

> *Manufacturing Defect.*
>
> [3.] The hip prostheses contained a manufacturing defect in that it was manufactured in such a manner that impurities, residues and bacteria remained on the prosthesis in violation of the FDA standards and requirements and in violation of the manufacturing processes and design approved by the FDA.
>
> [4.] The hip prostheses deviated, in its construction or quality, from the specifications or planned output.

*Funk v. Stryker Corp.*, 631 F.3d 777, 782 (5th Cir. 2011). These allegations – which contain far more detail than those contained in Plaintiff's pleading in this case – were found to be "impermissibly conclusory and vague." *Id*. Plaintiff must (but does not) "allege facts that would show the [products] deviated from [their] planned output or intended design." *Fearrington v. Boston Sci. Corp.*, 410 F. Supp. 3d 794, 802 (S.D. Tex. 2019). (dismissing manufacturing defect claim pursuant to Rule 12(b)(6) motion). And plaintiff's conclusory claim that the "manufacturing … defect(s) were the producing causes of Plaintiff's

injuries" fails to adequately allege the causation element of his manufacturing defect claim. ECF No. 1-3 at ¶ 21; *see Miller*, 2022 WL 1050314, at *4.

The Court should dismiss Plaintiff's manufacturing defect claims against Wind Access because the Petition fails to adequately allege and/or provide facts essential to support the elements of that claim.

> 3. *Plaintiff's strict liability marketing defect claim fails because the alleged failure to warn relates solely to "the product(s)" unreasonable risk due to defective manufacture or design and because he fails to adequately allege causation.*

To state a marketing defect claim, Plaintiff must plead facts showing (1) a risk of harm inherent in the product or that may arise from its intended or reasonably anticipated use; (2) the manufacturer actually knew or should have reasonably foreseen the risk of harm when the product was marketed; (3) the product contains a marketing defect; (4) the absence of a warning renders the product unreasonably dangerous; and (5) the failure to warn caused the user's injury. *Fearrington*, 410 F. Supp. 3d at 801.

Plaintiff alleges Wind Access "knew, foresaw or should have know[n]" about "an unreasonable risk in … [the] products including but not limited to the steel cable and spool holder" and "failed to adequately warn Plaintiff of the risk …". ECF No. 1-3 at ¶ 17. These allegations fail to adequately allege a marketing defect claim because they do not claim "the products" were unreasonably dangerous **because of the failure to warn**, but instead that "the products" themselves were unreasonably dangerous and that Wind Access failed to warn plaintiff about them. *Davis v. Kaeser Compressors, Inc.*, No. 2:22-CV-00058-JRG, 2022 WL 2704164, at *4 (E.D. Tex. July 12, 2022). Texas courts repeatedly dismiss marketing defect claims when the alleged failure to warn relates solely to the product's

alleged defective manufacturing or design, as opposed to the product's use. *Id.*, citing

(citing *Barragan v. Gen. Motors LLC*, No. 4:14-CV-93-DAE, 2015 WL 5734842, at *6

(W.D. Tex. Sept. 30, 2015). In *Barragan*, the court found:

> A marketing defect claim and a design defect claim are clearly distinct and
> separable. A marketing defect is found if the lack of adequate warnings or
> instructions renders an otherwise adequate product unreasonably dangerous.
> A design defect focuses on a defect in the product itself, and whether safer
> designs for the product were available." Plaintiffs do not allege that the lack
> of adequate warning rendered the otherwise adequate GMC Envoy
> unreasonably dangerous, but rather that GMC failed to warn of the danger
> created by the alleged manufacturing and design defects. The aim of a
> marketing defect claim is to impose liability where the failure to warn itself
> caused a product to be unreasonably dangerous. Plaintiffs here have alleged
> only that GM failed to warn of unreasonable danger created by the vehicle's
> alleged manufacturing and design defects, and they have therefore failed to
> state a claim for marketing defect.

*Barragan*, 2015 WL 5734842, at *6 (internal citations omitted). Plaintiff's allegations are

similar to those in *Davis* and *Barragan*, fail to adequately state a claim for marketing defect

under Texas law and federal pleadings standards, and should be dismissed.

And plaintiff's conclusory claim that the "marketing defect(s) were the producing

causes of Plaintiff's injuries" fails to adequately allege the causation element of his

marketing defect claim. ECF No. 1-3 at ¶ 21. The Petition fails to allege any facts to support

this allegation, "any particular inadequacy" in any warning given by Wind Access, or

"articulate an adequate warning that would have prevented the harm." *Carlton v. Olympus

Corp. of Americas*, No. 1:18-CV-00026-LY, 2019 WL 6037322, at *11 (W.D. Tex. July

26, 2019), report and recommendation adopted, No. 1:18-CV-26-LY, 2019 WL 6037277

(W.D. Tex. Aug. 23, 2019).  Plaintiff does not "adequately plead causation" or "identify

which warnings were allegedly deficient." *Id.* Absent specific allegations supporting

causation, plaintiff's contentions do not state a claim for relief and do not satisfy federal pleading standards. *Id.; see also Miller*, 2022 WL 1050314, at *4.

The Court should dismiss Plaintiff's marketing defect claims against Wind Access because the Petition fails to adequately allege and/or provide facts essential to support the elements of that claim.

**B.    Plaintiff's negligence, negligence *per se* and gross negligence claims should be dismissed because the Petition does not satisfy federal pleadings standards with respect to these claims.**

Plaintiff claims the following allegations support his negligence, negligence *per se* and gross negligence claims against Wind Access:

> Defendants were negligent, negligent per se, and grossly negligent, and acted recklessly, intentionally, and/or with an utterly wanton disregard for the rights and safety of Hendrix [sic] and others for the following reasons:

- Wind Access is vicariously liable for the conduct of its employees and/or agents and their failure to appropriately train Plaintiff on operation of the equipment he was using at the time of his injury;

- Wind Access provided negligent instruction [sic] Plaintiff's employer when selling them the equipment that caused Plaintiff's injury;

- Wind access failed to warn Plaintiff and his employer about the potential hazards arising from their negligently designed product;

- Wind Access [] failed to have adequate policies, procedures, and standards for the work being performed;

- Wind Access [] failed to communicate about the work to be performed and the safety rules to be in effect;

- Wind Access [] failed to properly plan and execute the work;

- Wind Access [] violated the local, state, federal and industry practices, procedures, [] standards.

ECF No. 3-1 at V.D.1. For all the reasons stated below, the Petition fails to satisfy federal pleading standards with respect to Plaintiff's negligence, negligence *per se*, and gross negligence claims, which should be dismissed by the Court.

> 1. *Plaintiff's negligence claim fails because he does not allege the elements of a negligence claim or any facts that could support such a claim.*

"Under Texas law, the elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach." *Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746, at *3 (N.D. Tex. Aug. 12, 2015) (citing *Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009)); *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008). The Petition does not even recite all the elements of a negligence claim – Plaintiff fails to allege Wind Access owed any duty to him or that a breach of any duty caused the accident or his damages and injuries. *Id.* Nor does Plaintiff provide any factual support for any element of his negligence claim against Wind Access. *Id.* His pleading is insufficient under federal pleading standards. *See Castillo v. JLG Indus., Inc.,* No. 5:18-CV-00041, 2018 WL 11428843, at *4 (S.D. Tex. Sept. 17, 2018) (dismissing negligence claim pursuant to Rule 12(b)(6) because plaintiff failed to plausibly allege elements of negligence claim or offer facts so support the elements of a negligence claim); *U.S. ex rel. Phillips v. L-3 Communications Integrated, Sys. L.P.*, No. 3:10-CV-1784-L, 2012 WL 3649699, at *10 (N.D. Tex. Aug. 24, 2012) (dismissing negligence claim pursuant to Rule 12(b)(6) because although plaintiff recited the elements of a negligence claim, he did not plead sufficient facts to support the claim).

The Court should dismiss Plaintiff's negligence claim against Wind Access because the Petition fails to adequately allege and/or provide facts essential to support the elements of that claim.

2. *Plaintiff's negligence per se claim fails because he does not allege any element of a negligence per se claim or facts that could support such as claim.*

To state a plausible negligence *per se* claim, a plaintiff must allege (1) the plaintiff belongs to the class of people the statute was designed to protect, and the plaintiff's injury is of the type the statute was designed to prevent; (2) the statute is one for which tort liability may be imposed when violated; (3) the defendant violated the statute without excuse; and (4) the defendant's act or omission proximately caused the plaintiff's injury. *Ready Aim Flyer, LLC v. Aviat Aircraft, Inc.*, No. 4:15-CV-2731, 2016 WL 4376612, at *3 (S.D. Tex. Aug. 16, 2016) (citing *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 549 (Tex. 1985)).  The Petition does not include any of these elements: Plaintiff invokes no statute; does not plead he belongs to a class of people a statute was designed to protect; does not show how his injuries are of the type a statute was designed to prevent; does not articulate a statute for which tort liability may be imposed when violated; does not allege Wind Access violated a statute without excuse; and does not allege that any violation of a statute by Wind Access proximately caused his injury.

The Court should dismiss Plaintiff's negligence *per se* claim because his allegations are not sufficient to support recovery for negligence *per se*. *Del Castillo v. PMI Holdings N. Am. Inc*, 4:14-CV-03435, 2016 WL 3745953, at *5 (S.D. Tex. July 13, 2016) (dismissing negligence *per se* claim because pleading failed to identify any specific

statutory provision that was violated); *Williams v. Hous. Corp. of Greater Houston*, CV H-14-2309, 2016 WL 5795136, at *6 (S.D. Tex. Sept. 16, 2016), *report and recommendation adopted*, CV H-14-2309, 2016 WL 5794787 (S.D. Tex. Oct. 4, 2016) (dismissing negligence *per se* claim because pleading failed to cite any statute defendants violated the provided a basis for her claim).

3. *Plaintiff's gross negligence claim fails because his underlying claims are inadequate and because he does not allege the elements of a gross negligence claim or facts to support such a claim.*

When a plaintiff's underlying claims are inadequate, "their claims for exemplary or derivative damages are also insufficient . . . and should be dismissed." *Carlton*, 2019 WL 6037322 at *13; *see also Elmazouni*, 220 F. Supp. 3d at 746-47 (dismissing gross negligence claim based on faulty strict liability and negligence claims). Here, Plaintiff's gross negligence claim is based on the exact same allegations as his strict liability and negligence claims and fails for all the reasons previously discussed above in Sections A and B.1.

To adequately state a claim for gross negligence in Texas, Plaintiff must meet the statutory requirements, which includes an act or omission:

a. which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

b. of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code § 41.001(11); *accord Suarez v. City of Tex. City*, 465 S.W.3d 623, 633 (Tex. 2015); *Boerjan v. Rodriguez*, 436 S.W.3d 307, 311 (Tex. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)).

The Petition does not contain a recital of the elements of a gross negligence claim. And it does not allege facts that would establish intent or recklessness, or any facts even related to objective or subjective awareness. *Bowles v. Mars, Inc.*, No. 4:14-CV-2258, 2015 WL 3629717 at *5 (W.D. Tex. June 10, 2015) (the plaintiff's claim did not sufficiently allege facts to establish intent/recklessness); *see Petri v. Kestrel Oil & Gas Props., L.P.*, Nos. H-09-3994, H-10-CV-122, H-10-CV-497, 2011 WL 2181316 at *5 (S.D. Tex. June 3, 2011) ("Plaintiffs generally allege . . . gross negligence . . . but do not set out sufficient facts relating to the specific alleged conduct of WGPS giving rise to these claims."); *McAndrews v. C.R. Bard, Inc.*, No. H-14-2504, 2015 WL 2089432, at *3 (S.D. Tex. May 5, 2015) ("In order to state a claim for gross negligence, a plaintiff must allege facts indicating that 'the defendant knew about the peril, but his acts or omissions demonstrate that he did not care.'") (quoting *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247 (Tex. 1999)); *Kent v. Wal-Mart Stores Tex., LLC*, No. 3:17-CV-211, 2018 WL 953348, at *3 (S.D. Tex. Feb. 20, 2018) (the plaintiff's pleading of gross negligence was insufficient when he only provided "the standards set out in the Texas Civil Practice and Remedies Code.").

When the defendant is a corporation, the subjective prong of the gross negligence standard requires that the corporation (1) authorized or ratified an agent's malice, (2) maliciously hired an unfit agent, or (3) acted with malice through a vice principal. *Quesnot v. Costco Wholesale Corp.,* 5:15-CV-1014-OLG, 2016 WL 11586209, at *1 (W.D. Tex. Aug. 24, 2016) (citing *Qwest Int'l Commc'ns, Inc. v. AT&T Corp.*, 167 S.W.3d 324, 326 (Tex. 2005)). Plaintiff has not alleged facts regarding the subjective prong.

Because Plaintiff has not alleged enough facts to "nudge [his] claims across the line from conceivable to plausible," he has not stated a claim for gross negligence or punitive damages under federal pleading standards and those claims should be dismissed. *Twombly*, 550 U.S. at 569.

## **PRAYER**

Defendant Wind Access Engineering, Inc., requests the Court grant its Rule 12(c) motion to dismiss each and every one of Plaintiff's claims against Wind Access including, but not limited to, claims for strict products liability design defect, manufacturing defect, marketing defect, negligence, negligence *per se* and gross negligence, and award to Wind Access such other and further relief as is just and proper.

16

Respectfully submitted and signed pursuant to
Federal Rule of Civil Procedure 11,

**GERMER BEAMAN & BROWN PLLC**
One Barton Skyway
1501 S Mopac Expy, Suite A400
Austin, Texas 78746
(512) 472-0288 Telephone
(512) 472-0721 Facsimile

By: */s/ Thomas M. Bullion III*
      R. Chad Geisler
      State Bar No. 00793793
      cgeisler@germer-austin.com
      Thomas M. Bullion III
      State Bar No. 03331005
      tbullion@germer.com

ATTORNEYS FOR DEFENDANT
WIND ACCESS ENGINEERING, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Kurt Arnold
Caj Boatright
Roland Christensen
Claire Schindler
ARNOLD & ITKIN, LLP
6009 Memorial Drive
Houston, Texas 77098

Philip P. Romero
Joe M. Marcus
Natosha Manning-Greene
WADDELL SERAFINO GEARY RECHNER JENEVEIN, PC
1717 Main Street, 25th Floor
Dallas, Texas 75201

*/s/ Thomas. M. Bullion III*
Thomas M. Bullion III