United States District Court
Southern District of Texas
**ENTERED**
June 16, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| JUSTIN ALBAUGH, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 1:23-CV-146 |
| § | |
| WIND ACCESS ENGINEERING, INC., *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

In August 2023, Plaintiff Justin Albaugh brought suit in a Texas state court against Defendant Wind Access Engineering, Inc., alleging claims based on a severe injury he suffered while working on a wind turbine platform that Wind Access designed, manufactured, marketed, distributed, and sold.[1] He alleges claims against Wind Access for strict products liability based on manufacturing, design, and marketing defects; and for negligence, negligence *per se*, and gross negligence. (Original Petition, Doc. 1–3)

After Wind Access removed the case to federal court based on diversity jurisdiction, the Court referred the lawsuit to a Magistrate Judge under 28 U.S.C. 636(b). In this Order, the Court considers whether to adopt the Magistrate Judge's Report and Recommendation (Doc. 32) recommending the dismissal of Albaugh's causes of action, as well as the Magistrate Judge's denial of Albaugh's request to amend his pleading.

## I.

In May 2024, the Magistrate Judge issued a Scheduling Order (Doc. 21), which permitted Albaugh to amend his pleading through June 3, 2024.

---

[1] Albaugh also sued Magic Valley Electric Cooperative, Inc., but the company was dismissed as an improperly joined party. (*See* Order, Doc. 12)

On May 23, Albaugh served a First Set of Interrogatories, Requests for Production, and Requests for Admission (Doc. 24–1) on Wind Access.

The June 3 deadline for Albaugh to file an amended complaint arrived, and Albaugh did not amend his state court Petition.

Three weeks later, on June 24, Wind Access served its responses to Albaugh's discovery requests. (*See* Disc. Resps., Doc. 24–2) In its Preliminary Statement, Wind Access objected to the discovery requests on the grounds that Albaugh's "allegations fail to adequately identify product at issue or nature of claims." (*Id*. at 3)

For the next several months, the parties made no filings in this matter, and presumably engaged in discovery during this time.

In October 2024, Wind Access moved for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), arguing that Albaugh had not sufficiently pled his claims. (Motion, Doc. 22) Albaugh filed a timely Response defending the sufficiency of his allegations, and "[s]olely in the alternative, [requested that] the Court . . . grant leave to the plaintiff to make any amendments to his complaint that the Court believes are needed." (Resp., Doc. 23, 5) Albaugh contended that the Rule 12(c) motion represented "the first time that the sufficiency of the plaintiff's claims against Wind Access have been challenged." (*Id*.) In making this general request to amend his pleading, Albaugh neither attached a proposed amended complaint nor specified the allegations that he proposed to add to his pleading.

In May 2025, the Magistrate Judge issued a Report and Recommendation (Doc. 32) recommending that the Court grant the Motion for Judgment on the Pleadings and dismiss Albaugh's claims without prejudice. (R&R, Doc. 32) The Magistrate Judge also analyzed whether to grant Albaugh leave to amend his pleading. The Magistrate Judge noted that Wind Access had questioned the sufficiency of Albaugh's allegations in discovery requests, and that Albaugh had not chosen to amend his pleading during the time allowed under the governing Scheduling Order.

Albaugh filed timely Objections (Doc. 33). He does not object to the Magistrate Judge's recommendation based on the Rule 12(c) analysis. Rather, he objects to the denial of leave to amend his state court Petition, and attaches a Proposed Amended Complaint (Doc. 33–1) that he believes cures the pleading deficiencies that the Magistrate Judge identified. Wind Access filed a timely response to Albaugh's objections. (Resp. to Objs., Doc. 34)

## II.

The Court begins with the recommendation to dismiss Albaugh's causes of action under Rule 12(c). Albaugh makes no objection to the analysis within the Report and Recommendation on this issue, and the Court finds no clear error within it. *See* FED. R. CIV. P. 72(b), Advisory Comm. Note (1983) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

## III.

The Court next considers Albaugh's objection to the denial of his request for leave to amend his pleading.

On this matter, Wind Access argues that under Federal Rule of Civil Procedure 72(a), a magistrate judge's ruling on a motion for leave to amend a complaint is a non-dispositive matter reviewed under the clearly erroneous standard. (Resp. to Objs., Doc. 34, 1–2) In contrast, Albaugh "urges the Court to review [the] dispositive order under *de novo* review" because "the report and recommendation is a dispositive one[.]" (Objs., Doc. 33, 1, 2)

Colorable arguments exist for each party's position. The Court, however, does not reach the issue. Rather, the Court assumes, without deciding, that *de novo* review applies. But even under this standard, the Court concludes that granting Albaugh leave to amend his pleading is not warranted.

An issued Scheduling Order "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." FED. R. CIV. PROC. 16(b)(3)(A). "Rule 16(b) governs

amendment of pleadings after a scheduling order deadline has expired." *S & W Enter., LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003). Parties must demonstrate good cause to justify extending the deadline. FED. R. CIV. PROC. 16(b)(4). Upon the showing of good cause, courts apply "the more liberal standard of Rule 15(a)[,]" which counsels courts to "freely give leave when justice so requires." FED. R. CIV. PROC. 15(a)(2); *S & W Enter., LLC*, 315 F.3d at 536.

"The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S & W Enter., LLC*, 315 F.3d at 536 (internal citation omitted). Courts have denied motions under Rule 16(b) when the plaintiff fails to demonstrate good cause, to submit a proposed amended complaint, or to specify the factual allegations the party intends to include in an amended pleading. *See, e.g.*, *Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010) (affirming denial of leave to amend). Courts also place little weight on a request to amend a complaint that a plaintiff presents as an alternative and cursory argument within a response to a Rule 12(c) motion. *See, e.g.*, *Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (affirming denial of leave to amend when plaintiff merely wrote, "[i]f the Court is inclined to dismiss any portion of Plaintiff's complaint for failure to state a claim, Plaintiff requests leave of court to amend his complaint to cure the alleged pleading deficiencies identified by Defendants . . . ."); *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254–55 (5th Cir. 2003) (affirming denial of leave to amend where request simply stated: "should this Court find that the Complaint is insufficient in any way, however, plaintiffs respectfully request leave to amend").

In the present case, the record demonstrates that the Magistrate Judge possessed ample grounds to deny Albaugh's motion for leave to amend his complaint, which effectively represented a motion to extend the deadline in the Scheduling Order to file an amended pleading. Albaugh neither submitted a proposed amended complaint nor specified the allegations he intended to

add. His response to Wind Access's Rule 12(c) focused on his belief that his Original Petition satisfied the federal pleading standard. In a cursory fashion and as an alternative argument, he requested leave to amend his complaint. Any court would find little support for granting such a request to extend a deadline in a Scheduling Order.

Now, Albaugh presents a robust request for this Court's consideration. He submits a proposed Amended Complaint and explains in detail why the new allegations support viable claims. (*See* Objs., Doc. 33) Notably, though, he still presents no explanation for his failure to amend his pleading before the deadline in the Scheduling Order. The Court recognizes that the Scheduling Order provided only a few weeks for Albaugh to amend his state-court Petition. But Albaugh understood the differing pleading standards that would apply to his Petition upon the case's removal, and he made no effort to augment his pleading.

At most, Albaugh contends that he did not seek leave to amend the Petition because Wind Access had not challenged the sufficiency of the allegations. The record, however, controverts this position. By late June, Wind Access, albeit through objections to Albaugh's discovery requests, disputed that Albaugh had pled viable claims. (*See* Wind Access Objs. to Discovery, Doc. 24–2, 3 ("Plaintiff has not adequately alleged the circumstances under which the accident occurred or identified the specific product alleged to have caused his injuries.")) At that point, Albaugh understood Wind Access's position, as well as its ability to file a Rule 12(c) motion. Despite this knowledge, over the next four months, Albaugh failed to seek leave to file an amended complaint. In addition, even when Wind Access filed its Motion for Judgment on the Pleadings, Albaugh did not seek to resolve the issue by submitting a proposed amended complaint. Rather, he defended the sufficiency of his Petition and requested leave to amend only in a perfunctory fashion. Based on the record as a whole, Albaugh does not provide an adequate explanation for his failure to amend his complaint or to seek leave to do so earlier.

At this stage, the discovery period has expired. (*See* Scheduling Order, Doc. 21) Allowing Albaugh to add significant new factual allegations would most likely require the re-opening of discovery and possibly duplicative discovery measures. Such a result would prejudice Wind Access and cause undue delay.

Based on the totality of the circumstances and the record in this case, the Court concludes that Albaugh fails to demonstrate good cause to justify granting him leave to amend his state court petition.

**IV.**

As a result, the Court overrules Plaintiff Justin Albaugh's objections and **ADOPTS** the Report and Recommendation (Doc. 32). It is:

**ORDERED** that Defendant Wind Access Engineering, Inc.'s Motion for Judgment on the Pleadings (Doc. 22) is **GRANTED**;

**ORDERED** that Plaintiff Justin Albaugh's Request for Leave to Amend (Doc. 23) is **DENIED**; and

**ORDERED** that all of Plaintiff Justin Albaugh's causes of action against Defendant Wind Access Engineering, Inc. are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is directed to close this matter.

Signed on June 16, 2025.

_____
Fernando Rodriguez, Jr.
United States District Judge